## THE MOUNT EVEREST.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1927.)

No. 4825.

1. **Admiralty ☞74—Admission in answer of allegation in seaman's libel is sufficient proof.**

Allegation of seaman's libel being admitted by answer, objection that fact alleged is not proven is not tenable.

2. **Customs and usages ☞17—Contract of employment of seamen limiting hours of work cannot be changed by custom which had obtained on the vessel.**

Custom obtaining on a vessel for firemen to work more than eight hours a day cannot have the effect of changing contract of employment of firemen therefor, calling for only eight hours work per day, or justify the exaction of longer hours of work by them.

3. **Seamen ☞16—Seamen leaving on breach of contract, by exaction of too long hours of work, are not deserters, and may recover for breach.**

Seamen have a right to discontinue work on breach of their contract, by more hours of work than called for by it being exacted of them, and so leaving are not deserters, relative to right to recover for breach of contract.

4. **Admiralty ☞105—Contention that contract of employment of seamen, on which libel was filed, was governed by foreign law, held not available for first time on appeal.**

Contention that contract of employment of seamen made in United States, for breach of which libel was filed, was governed by British law, and that that law was not proved, is not available on appeal; there having been no allegation or proof as to nationality of the vessel, and the record not indicating that it was suggested below that the case involved any question of foreign law.

5. **Seamen ☞17—Extent of right of recovery of seamen, who left vessel because of breach of contract as to hours of work, stated.**

Seaman not having been discharged, but having left voluntarily because of breach by ship or master of contract limiting hours of work, are entitled to wages at contract rate for time served, to compensation for work they were required to do in addition to what they contracted to do, and to damages for breach.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Clarence Hale, Judge.

Libel by Mohamad Ahmed and others against the steamship Mount Everest, etc.; the Sefton Steamship Company, claimant.

From a decree for libelants, claimant and another, surety on release bond, appeal. Affirmed.

H. F. Stiles, Jr., George H. Terriberry, and Walter Carroll, all of New Orleans, La., for appellants.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree in favor of three seamen, the appellees, who at New Orleans shipped for a voyage to Europe as firemen and trimmers on the steamship Mount Everest under shipping articles which provided for their working eight hours per day and no more. From the beginning of the voyage the appellees, over their protest, were required to work 10 hours a day. When the vessel reached Norfolk, upon the captain continuing to refuse to comply with the provision as to the appellees working 8 hours a day, or to pay them wages for the time they had served, they left the vessel and returned to New Orleans. The amounts awarded by the decree covered the wages of the appellees at the contract rate for the time they served, the cost of their transportation from Norfolk to New Orleans, and one month's extra wages at the contract rate.

The decree was challenged on the grounds: (1) That the proof did not show that the articles called for only eight hours work a day; (2) that it was customary on the ship for firemen to do the work which was exacted of appellees after they had worked as firemen eight hours a day; (3) that appellees were not entitled to recover because they were deserters; and (4) that the contract was governed by the British law, and that law was not proved.

[1, 2] The allegation of the libel to the effect that under the shipping articles signed the libelants were to work eight hours a day and no more was admitted by the answer. The proof of the existence of a custom on the Mount Everest of firemen doing the work which was exacted of the appellees after they had worked 8 hours each day cannot properly be given the effect of changing the contract of employment or of justifying the exaction of more than 8 hours' work a day by the appellees.

[3, 4] The appellees had the right to discontinue their services because of the breach of the contract by the requirement that they work 10 hours a day when the contract called for only 8 hours' work a day. The appellees were not guilty of desertion by leaving the ship because of such a violation of their contract rights. There was no allegation or proof as to the nationality of the Mount Everest. The record does not indicate that it was suggested in the trial court that the case involved any question of foreign law.

[5] The appellees were not discharged, as they left the ship voluntarily, though they did so because of the breach of the contract for their services. That contract having been breached by the ship or her master, the appellees were entitled to wages at the contract rate for the time they served, to compensation for the work they were required to do in addition to what they contracted to do, and to damages for the breach of the contract. It does not appear from the record that the amounts awarded were excessive.

The decree is affirmed.